IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:14CR3073 |
| v. | ) | |
| MATTHEW DEAN THOMPSON, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

Matthew Dean Thompson filed a Motion to Vacate under 28 U.S.C. § 2255. After initial review[1], I find and conclude the motion is plainly frivolous when viewed in light of the record of the prior proceeding. I deny the motion and dismiss it with prejudice.

Thompson entered guilty pleas and was sentenced to concurrent terms of 97 months in prison for being in possession of methamphetamine with the intent to distribute and for being in possession of stolen firearms. The drug possession took place on April 17, 2014, and the gun incident took place on May 5, 2014. Thompson did not appeal his conviction or sentence. His § 2255 motion is timely.

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Summarized and condensed, the defendant complains that his counsel, Robert Creager[2], was ineffective because he failed to object to three criminal history points.[3] He asserts that those convictions were stale or otherwise should not have been counted. He is wrong as I next address with respect to each conviction that was counted.

First, Thompson claims that the conviction for assault in the third degree with a sentence date of July 7, 2003, (filing no. 77 (PSR ¶ 92)) was not properly counted because it was too old. However, Thompson does not realize "relevant conduct" must be considered when calculating the ten-year "look back" provisions of U.S.S.G. § 4A1.2(e)(2) (counting "any prior sentence that was imposed within ten years of the defendant's commencement of the instant offense." *See*, *e.g.* *United States v. Rosenkrans*, 236 F.3d 976, 977 (8th Cir. 2001); U.S.S.G. § 4A1.2, application note 8 ("As used in § 4A1.2(d)(2) and (e), the term 'commencement of the instant offense' includes any relevant conduct."). Thompson's own statement in the PSR (¶¶ 36-38)

---

[2]Creager is perhaps the most experienced, competent and zealous criminal defense lawyer on the District of Nebraska CJA panel.

[3]He also complains that he did not receive a copy of the revised presentence report. At the sentencing hearing, counsel represented that he had discussed the revised PSR with the defendant and Thompson does not dispute that fact. On the contrary, Thompson admits that he did discuss the report with his lawyer. Moreover, Thompson in fact supplied his own statement that was included in the revised PSR. Still further, the defendant sent to the probation officer a handwritten objection to the revised PSR regarding one of the criminal convictions discussed above, the probation officer provided it to me (as indicated in the revised PSR), and I provided it to counsel via e-mail prior to sentencing. Nonetheless, assuming, without deciding that, the defendant did not receive a copy of the revised PSR as otherwise required by Federal Rule of Criminal Procedure 32(e)(2), any such error was harmless beyond a reasonable doubt (1) because the criminal history objections he makes are without merit and (2) because he has shown no prejudice otherwise. Moreover, the specious allegations that CJA lawyers like Mr. Creager do not provide zealous and competent representation are insufficient as a matter of law because they are conclusions.

together with the statements of cooperating witnesses (e.g., PSR ¶ 44) establish that the offense of conviction commenced for criminal history purposes no later than June, 2009. Therefore, the 2003 sentence was easily within the proper criminal history time frame.

Thompson also claims that this sentence should not be counted because he had it set aside on November 30, 2009. While he is correct that the conviction was set aside at his request on that date (PSR ¶ 93, third column), it nevertheless counted. Application note 10 to U.S.S.G. § 4A1.2 makes clear that convictions that are later "set aside" are nevertheless counted.

Second, Thompson attacks his theft conviction of July 11, 2006, (PSR ¶ 93) because he did not receive jail time or probation but was required to pay $200 in restitution. His argument is quite simply wrong. U.S.S.G. § 4A1.1(c) & application note 3.

Third, Thompson attacks his conviction on March 6, 2005, for possession of less than an ounce of marijuana and for possession of drug paraphernalia. (PSR ¶ 94.) He argues that such a conviction cannot be counted because under Nebraska law possession of such an amount of marijuana is an infraction. This argument is unavailing because the United States Court of Appeals for the Eighth Circuit has said such Nebraska convictions count. *United States v. Jenkins*, 989 F.2d 979, 979 (8th Cir. 1993).

Fourth, due to the foregoing, Thompson has utterly failed to show that he is entitled to relief under the well-known two-prong requirements of the *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland* such that relief is warranted, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell

3

below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688-89).

Regarding the first prong, a judge's "scrutiny of counsel's performance must be highly deferential," and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

Regarding the second prong, a "reasonable probability" is less than "more likely than not." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (citing *Nix v. Whiteside*, 475 U.S. 157, 175 (1986) ("[A] defendant need *not* establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under *Strickland* "(emphasis added))). But, the showing must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Finally, I will not issue a certificate of appealability. The defendant "must make a substantial showing of the denial of a constitutional right" to obtain such a certificate; that is, "a showing that [the] issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Garrett v. United States*, 211 F.3d 1075, 1076 (8th Cir. 2000) (citations omitted) (denying a certificate regarding a § 2255 motion for, among other reasons, because the issue raised was clearly foreclosed by a prior decision of the Court of Appeals). Thompson has not done so.

IT IS ORDERED that judgment will be entered for the United States of America and against Defendant Thompson providing that he shall take nothing and

the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 109) is denied and dismissed with prejudice. The Motion For Leave to Proceed in Forma Pauperis (filing no. 110) is granted. The undersigned does not issue a certificate of appealability. A separate judgment will be issued.

DATED this 4th day of February, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge